The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. May I please the Court, I represent the City of New York, the City of Philadelphia, and the City of Philadelphia, and I'm here to talk to you today about preventing preventable violence. It's a goal that both sides of this case share. I firmly believe that. It's a goal in the pursuit of wit. Every party to this case has a critical role to play, and we submit that the courts have a critical role to play as well. For their part, the cities that I represent are doing their level best to fulfill their responsibilities, using the tools provided to them under both federal and state law. Those tools include the NICS database, which was established by the Department of Justice as required by statute, made available to the states as required by statute, and used by the cities as they are authorized to do by regulation before they issue permits for weapons or before returning seized weapons. For their part, the Department of Defense and the military departments have failed for many years now to fulfill their statutory obligation to report information relating to disqualification for possession of weapons by members of the military who have been subjected to certain court-martial convictions or dishonorable discharges. As a result of the government's failures in this matter, the background checks that the cities conduct are unreliable every single time, day in and day out. Well, in this case, for purposes of standing, which I assume is a threshold issue, your claim is an entitlement to this unreported information. That is correct, Your Honor. And under the statute, the information goes to the Attorney General. Is that right? Well, that's the first step. Under the statute, the information goes to the Attorney General. The Attorney General is required to establish the system to allow, for instance ---- Right. But the specific information that you seek, the statute's only designated recipient is the Attorney General. No, Your Honor. That is not correct. The Attorney General is the recipient of the statute, but then the Attorney General is then required to put it into the database so that it can be accessed and used by other constituencies. The Attorney General is also required to ---- But not that necessarily raw data that goes into whatever system they have set up for these background checks and whatnot, but the actual information, there's no entitlement in the statute that goes to any named party other than the Attorney General. Well, the information, I mean, maybe we're saying the same thing, Your Honor, but the information goes to the Attorney General. The Attorney General is required by statute to establish the database and is also required ---- My point there for standing purposes is that one of the threshold requirements is you have to, in one of these informational cases, is that you have to establish an entitlement to the information before you get to all the other tests. And that's what I'm not seeing in the statute that gives you a ground for this particular information because you're not contesting that you don't have ---- I think you are, that you don't have access to the background check system. Your Honor, every link in the chain, and I would acknowledge that you have to look at the links, but every link in the chain is established to establish our entitlement to the information. The military departments are required to report it to the Attorney General. The Attorney General is required to establish a system for access to that information. The Attorney General is required to give the states access to that system, and the regulations entitle the cities to access that city. Where are you given a role in the enforcement of this whole mechanism? The cities are given a role. Well, first of all, the cities have a role as a result of their governmental obligations and under state law. The cities are authorized to fulfill that role. I'm not talking about under the statute. What about the statute puts you into the game? I mean, where in the statute are you given a role in the enforcement of the relationship between the Department of Defense and the Attorney General? I mean, you know, we run the risk of crashing a party. You run the risk of crashing a party to which you weren't invited. Your Honor, our entitlement to seek to compel this, the act, the agency action that we seek to compel, doesn't come from this statute. It comes from the Administrative Procedure Act, Section 706.1. I mean, were you given any kind of private right of action? To what I mean, my problem is, just as a basic matter of separation of powers, where one method of enforcement is provided, what right do we have, or you have, to bring on board a second one? That really restructures the program that Congress enacted. Your Honor, the only method of enforcement that's available to the cities is Section 706.1. That's the only method of enforcement that we've asserted. The statute does not contain an alternative method of enforcement. That's why Section 706.1 is available here. That's 5 U.S.C. Section 706.1, which requires, in fact, the district court, the language of the statute is the district court, quote, shall compel agency action unlawfully withheld or unreasonably delayed. And that's exactly what we have here. Well, under the APA, what is the agency action, the failure to take agency action? What is that? What is your argument on that? The agency action is the provision of information for inclusion in the NICS database. But they have provided information, just not the – they've provided some of the information, just not all the information. How is that a failure of taking agency action? Well, we're obviously focused on the information that they haven't provided, and the failure to provide that information. So that's agency inaction. Correct. And that's exactly what Section 706.1 is aimed at, to cure agency inaction. What about the fact that the DOD has really increased and gotten much more efficient in providing the information that they do provide over the years? I mean, what about that? Well, first of all, I – It's not like they're doing nothing. They're making progress. So in the Inspector General's reports in 2015, I'll start there, the Inspector General, the DOD Inspector General, who does review periodically compliance and has consistently found a pretty substantial failure to comply with the statutory requirement. I have that question, but I have another question, too. When does information sharing within the federal government become reviewable in agency action under the APA? I mean, the agencies of the government share information with each other all the time. And if sharing information within the federal government gives rise to a lawsuit under the APA, what you're going to get is the different parts of the federal government are not going to share information with one another, and the right hand's not going to know what the left hand is doing, or vice versa. And that would seem to me to be about the worst kind of predicament in which we could place the government, where sharing information is reviewable in agency action under the APA. That would open up the APA. Why? The courts would be reviewing everything. I don't think so, Your Honor. In this case, we have a statute that requires the sharing of information, not only within the federal government, but also outside the federal government. No, it's a permissive use outside of the federal government. You have access to it. Your Honor, I don't think that that's accurate. This is not solely a permissive use. Section 34 U.S.C., Section 40901C requires the Attorney General to make this database available to the states. But the database is available. You access it every day. And that's why I say, Your Honor, you do need to follow the links of the chain. But every link is established by law. We are entitled to this information that is fully in the possession of the Department of Defense and the military departments. It goes through a chain. Right. And if the information conveyed is inadequate, the Attorney General submits that report, a compliance report, to Congress. And the executives in the Federal Service who are responsible for providing incomplete information lose their bonuses. And that's the way in which Congress has decided to enforce this. They could have given you, they could have settled on a different enforcement mechanism, one which gave private plaintiffs or municipalities a private right of action. But they didn't do that. And we're essentially just taking an express enforcement provision that Congress provided and supplanting it with an enforcement provision that we prefer. And that's, I think, going to raise some eyebrows. I mean, as a preliminary matter, we're going to be reviewing status reports from the Department of Defense periodically for the next 15 years. We're going to have to be looking, I guess, in camera at the Department of Defense submissions requiring status reports. I mean, whoever put us in this kind of ongoing supervisory role over an entire federal program, not a particular agency order or regulation, but an entire federal program, we're going to be the supervisors of it. You know, that goes far beyond what the APA provides. I just think it's, you know, we're out on the wide open prairie with that. Your Honor, I don't think that we're asking for supervision of a federal program. What we're asking for is for the court to compel the government to do what it is required by statute to do. Yeah, we become the program supervisors instead of the Department of Justice and Congress. Well, no, I don't think so, Your Honor. I do think that the court does have a role. Well, that's what you're asking for. Well, we're asking for the court to compel agency action unlawfully withheld and unreasonably delayed. I do want to get back to Judge Thacker's question as well, if I may. Judge Thacker, you were asking, well, hasn't the DOD and the military departments done something already? As a matter of fact, just this past Friday, the DOD made available its most recent inspector general report that concluded that not only to where there's six opportunities missed to provide the information that they were required to provide, but also that it's the result of a systemic failure by the DOD and the military departments to provide the information that they're required to provide. That word systemic, it's our word. We use that word ourselves. Now, the IG didn't get it from us. The IG and we both use the same word to describe the same reality. Now, just because the government's failure is systemic does not mean that our challenge is programmatic. The government doesn't get extra points for the massive size of its failure, but they are required to do this. They are required to hand over that information. involves a particular rule, rulemaking, or a particular agency order, or particularly agency adjudication, or a grant of a license, or refusal to grant a license. It doesn't involve anything that's nearly as open-ended as this, which is ongoing supervision of the relationship between the Department of Defense and the Department of Justice. I mean, I just can't imagine the judicial aggrandizement involved in that kind of step. It's going to attract the attention of a lot of people, and not favorably. I see I'm out of time. May I respond? Would you like to respond in rebuttal? I would be happy to do so, Your Honor. Okay, thank you. Thank you, Your Honor. All right, Mr. Walters, let's hear from you. May it please the Court, Tice Walters for the government. I would like to begin by emphasizing something that Judge Wilkinson pointed out, which is that the statute, the very provisions on which plaintiffs rely do specify the method by which agencies' reporting of criminal history information will be assessed and will be incentivized. And it's actually quite a detailed process in which the agencies are required to certify the total number to the Attorney General in the first instance, the total number of criminal history dispositions, and the total that have been reported. And if they're not fully reporting, they have to create an implementation plan, which is precisely what plaintiffs here want what defendants to do for the district court and for them. They have to create an implementation plan for the Attorney General. The Attorney General has to certify whether they are in compliance with that implementation plan. And there are financial penalties for agency officers who fail to substantially comply with the implementation plan. So I think that demonstrates both that Congress understood that this was a difficult programmatic task that would require a host of day-to-day decisions on things like how many fingerprint scanners to procure and where to place them, what kind of training materials would be required to make sure that DOD employees understand how best to upload criminal history information and take fingerprints, what sort of auditing mechanisms there would be at levels of the chain of command to make sure that there was full reporting. You know, I don't even know that we have the background or the expertise or the experience to be supervising this whole program. I mean, I just think it involves a certain specialized knowledge of firearms and of how the DOD works and how DOJ works and all the rest. I mean, it's not a task for which, by virtue of experience or education or whatever, we're really prepared for. I don't even understand what the criteria are. I think that's right, Your Honor, and I think that that's one of the reasons that Congress did expressly commit oversight of this to the Attorney General and then to the relevant congressional committees, and there is also a public naming and shaming function where these reports do have to be publicly disclosed. I'm happy to answer any other questions that the Court might have, but we're also happy to rest on the briefs. We have no questions. Thank you very much, Your Honor. Mr. McLean? Your Honor, what we're asking for the Court to compel is exactly what the statute requires, to provide particular information to a particular officer for a particular purpose at a particular time. That's important, too. That's, in fact, one of the points this Court made in the Murray Energy case, that it's the establishment of a deadline as a part of this. The cities here, and that's a quarterly deadline, the cities here in this case are not strangers to this information. This is not a case where we're simply curious onlookers or bystanders. We have a need, a personal need, a particularized need for this information to fulfill our law enforcement functions, to prevent preventable gun violence, and to fulfill the specific functions that are anticipated in the implementing regulation. The provision of information, the requirement to provide information is a discrete agency action. You can see an example in the Vietnam Veterans of America case, where the Department of the Army was compelled to provide medical information to veterans who had been test subjects, to chemical testing. The same thing is true here. We have a use for this information. We're entitled to the information because we're entitled to access to the database, and because the Attorney General is required to put this information in the database that the military departments are required to provide. This is a case of agency inaction, not of agency action. So unlike the issuance of an order or a regulation or something like that, this is something that the agency hasn't done. But it is required to do it. And by failing to do it, they deny our legal rights, our particularized legal rights, to be able to have access to this information before we issue a gun permit or before we return weapons to those from whom the cities have seized those weapons. We're not asking for open-ended review. The question of what the remedy should be, precisely, how the court can require or can ensure compliance with the order that we're asking to comply, is a matter of the district court's discretion. It is not a matter of- So is the district court going to subpoena the Defense Secretary or the Attorney General? Well, again, that would be if that's not something we're asking for. But that's not a question that goes to the district court's jurisdiction. The question that goes to the district court's jurisdiction is, would the district court have jurisdiction? Assuming that we meet the elements that's required under Section 706.1, which is that agency action has been unlawfully withheld or unreasonably delayed, if we can meet those elements, does the district court have jurisdiction to compel the government to do what it is required to do by statute? That's the question. The question of the length of time that would be required for monitoring or whatever goes into effectuating the district court's order is all a matter of jurisdiction. You can't follow down the road if you look farther into the big muddy we go. Your Honor, all we're asking for is an order to compel the government to do what is required to do by statute. The district court has discretion to effectuate its orders, and that's exactly what the court did in the Vietnam Veterans of America case. That's what we're asking for. If the government can show, or if we fail to show, that the agency action has not been unlawfully withheld or unreasonably delayed at that point, there is no APA case because those are the elements of the APA. But I submit, we submit, that at the end of now multiple reports from the agencies themselves, finding systemic problems, finding a failure to comply with what we contend is a discrete agency action, at the end of all this time, after their concession that they have a systemic problem on their hand, it's time that they raise the priority level. And that's what an order from the district court, in our view, would do. And maybe we can finally bring them into compliance, or at least bring them to the point where the action required here is no longer being unlawfully withheld or unreasonably delayed so that cities can do their hard work. The points the government has made, providing training, providing computer support, whatever it is that they have to do, they can put it on their compliance plan. We're not asking the district court to prepare their compliance plan for them. Those are all reasons that this, and I see I'm out of time. If I could just add my final sentence is, I understand it's hard work. It's not easy. Everything the government has said, these are reasons why it's not an easy job. It's not a reason why it's not a discrete job. The cities have a hard job, too, and that job is made a lot more hard and a lot more dangerous by the government's failure to do what is required of you by statute. Thank you, sir. Thank you, Your Honor. We'll come down here in council, move into our next case.
judges: J. Harvie Wilkinson III, G. Steven Agee, Stephanie D. Thacker